# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ADAM HEMMELGARN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Case No. 2:08CR817DAK<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Defendant Adam Hemmelgarn's motion for early termination of supervised release. On April 12, 2010, the court sentenced Defendant to 12 months and one day incarceration with the United States Bureau of Prisons followed by a 36-month term of supervised release. On February 1, 2011, Defendant was released from custody and began serving his term of supervised release. Therefore, Defendant's term of supervised release is not scheduled to terminate until February 1, 2014.

Pursuant to 18 U.S.C. § 3583(e)(1), after considering the factors set forth in Section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), and (a)(6), the court may terminate a term of supervised release "at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." The factors to be considered in Section 3553(a) are those factors to be considered in imposing a sentence, including "the nature and circumstances of the offense and

the history and characteristics of the defendant," the applicable sentencing guidelines and any policy statements issued by the Sentencing Commission, and the need for the sentence imposed to promote respect for the law, to provide just punishment, to deter other criminal conduct, and to provide the defendant with needed services. *See* 18 U.S.C. § 3553(a).

The court has contacted Defendant's probation officer and learned that he does not oppose early termination in this case. Defendant has had no problems while on supervised release and has complied with all the terms of his supervised release. Defendant has been consistently enrolled as a full-time student at Weber State University while his wife is working to support the family financially. Defendant has paid all of his financial obligations, including his restitution. All of Defendant's drug tests have been negative. Based on Defendant's conduct during his term of supervised release, the court finds that an early termination of supervised release is warranted. Accordingly, the court grants Defendant's motion for early termination of supervised release.

DATED this 14th day of May, 2012.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge